**320 W. 87, LLC v 320 W. 87th St., Inc.**

2025 NY Slip Op 30168(U)

January 10, 2025

Supreme Court, New York County

Docket Number: Index No. 654793/2023

Judge: John J. Kelley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. JOHN J. KELLEY**

*Justice*

-------------------------------------------------------------------------------X

320 WEST 87, LLC,

Plaintiff,

- v -

320 WEST 87TH STREET, INC.,

Defendant.

-------------------------------------------------------------------------------X

| PART | IAS MOTION 56EFM |
|---|---|
| INDEX NO. | 654793/2023 |
| MOTION DATE | 09/30/2024 |
| MOTION SEQ. NO. | 002 |

**DECISION AND ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 35, 36, 37, 38, 41, 42, 43

were read on this motion to/for        AWARD OF ATTORNEYS' FEES        .

This matter was commenced as a CPLR article 78 proceeding. In the initial petition, the plaintiff sought an award of attorneys' fees if it were the prevailing party. In a decision, order, and judgment dated and entered July 30, 2024, this court converted the proceeding into an action for declaratory relief, converted the petition into a motion for summary judgment, redesignated the petitioner as "plaintiff" and the respondent as "defendant," and granted the plaintiff's converted motion for summary judgment on the complaint. The plaintiff now moves for an award of attorneys' fees. The defendant opposes the motion. The motion is granted, and the matter is referred to a referee to hear and report on the appropriate amount of the award.

In its decision, order, and judgment, the court awarded judgment to the plaintiff declaring that it is a holder of unsold shares allocated to apartment units 1CE, 22, 4W, 4W1, 6W2, 7W, 7W1, 8W2, and 9E at 320 West 87th Street, New York, New York, and is exempt from paying a transfer fee or "flip tax," seeking approval from the defendant's board of directors for each sublease and renewal of each sublease referable to those units, paying sublet fees referable to those units, obtaining approval from the defendant's board of directors for apartment renovations, except as otherwise required where building systems, such as plumbing, electricity,

[* 1]

heating, air conditioning, and the like are involved, and complying with any other procedural rules or restrictions applicable only to tenant-shareholders, and not applicable to holders of unsold shares, as delineated in the applicable offering plan, proprietary lease, and/or by-laws. The court further declared that the plaintiff is not obligated to pay so much of the defendant's invoice dated July 21, 2023 as purported to charge the plaintiff for a flip-tax, to charge the plaintiff for the failure to obtain the defendant's approval before subletting or renewing subleases with respect to the subject apartments, to charge the plaintiff for sublet fees, or to charge the plaintiff for failure to obtain the defendant's approval for alteration or renovation work in the subject apartments, except as otherwise required where building systems, such as plumbing, electricity, heating, air conditioning, and the like are involved, and the court declared so much of that invoice to be null and void. In addition, the court declared that the plaintiff is not obligated to pay arrears or late charges with respect to the July 21, 2023 invoice, or any further invoices that purported to charge or penalize it for those things, and declared that any such invoices are null and void. Moreover, the court permanently enjoined the defendant from issuing any such further invoices.

With respect to the issue of attorneys' fees, however, the court noted that the plaintiff "did not submit an affirmation of attorneys' services or invoices supporting its claim for an award of attorneys' fees." Hence, the court directed the plaintiff "if it be so advised, submit such an affirmation and invoices within 30 days of the entry of this decision, judgment, and order, after which the court shall determine whether an award is warranted and, if so, the extent of such an award." This motion ensued.

"In New York, 'the prevailing litigant ordinarily cannot collect . . . attorneys' fees from its unsuccessful opponents . . . . Attorneys' fees are treated as incidents of litigation, rather than damages . . . . The exception is when an award is authorized by agreement between the parties or by statute or court rule'" (*Ambac Assur. Corp. v Countrywide Home Loans, Inc.,* 31 NY3d 569, 584 [2018], quoting *Congel v Malfitano*, 31 NY3d 272, 290-291 [2018] [citations and

internal quotation marks omitted]).  Here, the subject proprietary lease in fact provides for the award of reasonable attorneys' fees to the defendant if it prevailed in any action arising from the purported default of a tenant under the terms thereof.  Real Property Law § 234 provides a tenant with an implied reciprocal right to recover attorneys' fees "incurred . . . as the result of the failure of the landlord to perform any covenant or agreement . . . under the lease."  This statute applies to proprietary leases issued by a cooperative apartment corporation (*see Estate of Del Terzo v 33 Fifth Ave. Owners Corp*., 136 AD3d 486, 489-491 [1st Dept 2016], *affd* 28 NY3d 1114 [2016]).  The court concludes that the defendant here, by invoicing the plaintiff improperly and demanding that it be entitled to withhold consent to, and charging the plaintiff for, subletting the subject apartments, among other things, failed to perform covenants and agreements under the lease.  Hence, the plaintiff is entitled to an award of reasonable attorneys' fees and disbursements.

Accordingly, it is,

ORDERED that the plaintiff's motion is granted, and the plaintiff is awarded its reasonable attorneys' fees and disbursements incurred in prosecuting this action; and it is further,

ORDERED that a Judicial Hearing Officer (JHO) or Special Referee shall be designated to hear and report to this court on the following individual issues of fact, which are hereby submitted to the JHO/Special Referee for such purpose: the proper amount of attorneys' fees and disbursements to be awarded to the plaintiff; and it is further,

ORDERED that this matter is hereby referred to the Special Referee Clerk (Room 119M, 646-386-3028 or spref@nycourts.gov) for placement at the earliest possible date upon which the calendar of the Special Referees Part (Part SRP), which, in accordance with the Rules of that Part (which are posted on the website of this court at www.nycourts.gov/supctmanh at the "References" link under "Courthouse Procedures"), shall assign this matter to an available JHO/Special Referee to hear and report as specified above; and it is further,

ORDERED that counsel shall immediately consult one another and counsel for the plaintiff shall, within 15 days from the date of this Order, submit to the Special Referee Clerk by fax (212-401-9186) or email, an Information Sheet (which can be accessed at the "References" link on the court's website) containing all the information called for therein and that, as soon as practical thereafter, the Special Referee Clerk shall advise counsel for the parties of the date fixed for the appearance of the matter upon the calendar of the Special Referees Part; and it is further,

ORDERED that the plaintiff shall serve a proposed accounting of the number of hours of attorneys' and paralegals' time incurred in prosecuting this action, along with a statement of the hourly billing rate for that time, and a statement of disbursements incurred in prosecuting this action, within 24 days from the date of entry of this order, and the defendant shall serve objections to the proposed accounting within 20 days from service of the plaintiff's papers, and the foregoing papers shall be filed with the Special Referee Clerk at least one day prior to the original appearance date in Part SRP fixed by the Clerk as set forth above, and it is further,

ORDERED that the parties shall appear for the reference hearing, including with all witnesses and evidence they seek to present, and shall be ready to proceed, on the date first fixed by the Special Referee Clerk subject only to any adjournment that may be authorized by the Special Referees Part in accordance with the Rules of that Part; and it is further, ORDERED that the hearing will be conducted in the same manner as a trial before a Justice without a jury (CPLR 4320[a]) (the proceeding will be recorded by a court reporter, the rules of evidence apply, etc.) and, except as otherwise directed by the assigned JHO/Special Referee for good cause shown, the trial of the issues specified above shall proceed from day to day until completion; and it is further,

ORDERED that any motion to confirm or disaffirm the Report of the JHO/Special Referee shall be made within the time and in the manner specified in CPLR 4403 and Section 202.44 of the Uniform Rules for the Trial Courts and, after consideration of any such motion,

and either the confirmation or modification of the Report, the court shall direct the Clerk of the court to enter an appropriate separate money judgment for attorneys' fees and disbursements in favor of the plaintiff and against the defendant.

This constitutes the Decision and Order of the court.

| | |
|---|---|
| 1/10/2025 | |
| **DATE** | **JOHN J. KELLEY, J.S.C.** |

| CHECK ONE: | **X** | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | **X** | GRANTED | | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | **X** | REFERENCE |